IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNEL M. MITCHELL, #R-07374, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-cv-00120-MJR ) |
| CRAIG FOSTER, MR. FATHEREE, MS. PIERCE, MS. HARTER, MR. GRAUPE, and MS. RAWCLIFFE, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On February 15, 2018, Plaintiff was ordered to pay the full filing fee of $400 for this action and the outstanding money owed for his previously filed[1] and other pending actions in full no later than March 15, 2018 (Doc. 6). The deadline for payment has now passed. Plaintiff has made no payment toward the $400 filing fee he owes in this case or, more broadly, the $5588.92 total he owes for all of the cases he has filed in this District, including this one.[2] Plaintiff has also failed to respond to the Court's requirement that he show cause why the Court should not restrict him from filing any further actions in this Court while the fees remain unpaid.

---

[1] The Court noted in its Order Denying Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 8) that Plaintiff's outstanding balance for lawsuits he filed in this District in 2016-17 is $3,188.92. That amount does not include the money he owes for the cases he has filed in this District in 2018, which he is also required to pay.

[2] Plaintiff was directed to pay the filing fee in each of the pending cases he filed in this district in 2018. His latest deadline for payment was April 9, 2018 in Case No. 18-cv-122-MJR. This deadline, along with each of his other deadlines, has passed without payment from Plaintiff. For this reason, the Court anticipates that each of Plaintiff's pending 2018 cases will be dismissed, though dismissal of 18-cv-122-MJR remains forthcoming given the recent deadline.

1

Because Plaintiff has not paid the outstanding fees he owes the Court and has failed to show cause why the Court should not restrict him from filing future documents until his fees are paid in full, this Court finds it necessary to so restrict Plaintiff. Clearly, monetary sanctions are not enough to deter Plaintiff from filing future claims with this Court, as he has accumulated $5588.92 in fees and has shown little to no effort to pay the debt. Thus, to simply add to that debt in an effort to cease Plaintiff's abuse of the Court is useless.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff is restricted from filing any new civil actions in this Court until such time as his outstanding filing fees of $5588.92 have been paid in full. This filing restriction does not extend to a notice of appeal from this Order, to the filing of any petition for a writ of habeas corpus (*which is deemed summarily dismissed if not otherwise addressed within 30 days of filing*), or to pleadings filed as a defendant in another criminal or civil case. Plaintiff may seek reconsideration of this Order by filing a motion in this Court *no earlier than* two years from the date of entry of this Order.

If Plaintiff wishes to appeal this order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

Should Plaintiff attempt to file any new action in this Court, the Clerk of Court is **DIRECTED** to return any documents submitted in violation of this Order to Plaintiff unfiled.

**IT IS FURTHER ORDERED** that the agency having custody of the Plaintiff **SHALL** remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62201. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Western Illinois Correctional Center upon entry of this Order.

This case is **DISMISSED with prejudice**. All pending motions are **DENIED** as moot. The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 10, 2018**                              s/ MICHAEL J. REAGAN
                                                       **U.S. Chief District Judge**